| | |
|---|---|
| 1 | SHEPPARD, MULLIN, RICHTER & HAMPTON LLP |
|   |   A Limited Liability Partnership |
| 2 |   Including Professional Corporations |
|   | SAMANTHA C. GRANT, Cal. Bar No. 198130 |
| 3 | BRIANNA S. WILSON, Cal. Bar No. 316730 |
|   | 1901 Avenue of the Stars, Suite 1600 |
| 4 | Los Angeles, California 90067-6055 |
|   | Telephone: 310.228.3700 |
| 5 | Facsimile: 310.228.3701 |
|   | E mail     sgrant@sheppardmullin.com |
| 6 |             bswilson@sheppardmullin.com |
| 7 | Attorneys for Defendant |
|   | TARGET CORPORATION |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| ELSA BANUELOS, | Case No. |
| Plaintiff, | [Removed from LASC Case No. 21STCV22703 |
| v. | **DEFENDANT TARGET CORPORATION'S NOTICE OF REMOVAL OF CIVIL ACTION** |
| TARGET CORPORATION, a Minnesota Corporation; and DOES 1-20, Inclusive, | |
| Defendants. | (*Filed concurrently with:* Declarations of Brianna S. Wilson and Adam Klarfeld in Support of Removal, Civil Cover Sheet, Request for Judicial Notice, Certification of Interested Parties, and Corporate Disclosure Statement) |
| | (Diversity Jurisdiction: 28 U.S.C. §§ 1332, 1441, 1446) |

SMRH:4812-3294-6674.3

-1-

NOTICE OF REMOVAL

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HER ATTORNEYS OF RECORD HEREIN:

PLEASE TAKE NOTICE that on this date, Defendant Target Corporation ("Target") did and hereby does remove the above-entitled action from the Superior Court of California for the County of Los Angeles to the United States District Court for the Central District of California pursuant to 28 U.S.C. §§ 1332 and 1441 because there is complete diversity between Plaintiff Elsa Banuelos ("Plaintiff") and Target and the amount in controversy exceeds $75,000. The removal of this action terminates all proceedings in the Superior Court of California for the County of Los Angeles. 28 U.S.C. section 1446(d).

Target removes this action to United States District Court for the Central District of California, pursuant to 28 U.S.C. sections 1332, 1441, and 1446 based on the following:

1. On June 17, 2021, Plaintiff filed a complaint (the "Complaint") entitled *Elsa Banuelos v. Target Corporation, a Minnesota Corporation, and Does 1 through 20*, *inclusive*, Case No. LASC Case No. 21STCV22703, in the Superior Court of the State of California for the County of Los Angeles (the "State Court Action").

2. On July 2, 2021, Plaintiff served Target with the Summons and the Complaint in the State Court Action. A true and correct copy of the Complaint served on Target is attached as **Exhibit A** to the declaration of Brianna S. Wilson ("Wilson Decl."). A true and correct copy of the Summons served on Target is attached to the Wilson Decl. as **Exhibit B**. Along with the Summons and Complaint, Plaintiff also served Target with a Notice of Case Assignment-Unlimited Civil Case, which is attached to the Wilson Decl. as **Exhibit C**.

3.   Target filed and served an Answer in the State Court Action on July 26, 2021. A true and correct copy of the Answer is attached to the Wilson Decl. as **Exhibit D**.

4.   **Copies of All Process, Pleadings and Orders.** The Summons, Complaint, Notice of Case Assignment, and Answer (Exhibits A-D to the Wilson Decl.) constitute all process, pleadings and orders in the State Court Action within the meaning of 28 U.S.C. section 1446(a).

5.   **All Named Defendants Join in Removal.** Target is the only named defendant in this action and the only defendant served with the Summons and the Complaint, so there are no other parties to join in this Notice of Removal. Defendant "Does 1 through 20" have not been identified, nor is there any record of their having been served with the Summons or the Complaint in the State Court Action. 28 U.S.C. § 1441(a).

6.   **Removal is Timely.** This Notice of Removal is timely as it is filed within thirty (30) days of the first receipt by a defendant of a copy of a paper (in this case, the Complaint on July 2, 2021) that revealed this case was properly removable. 28 U.S.C. § 1446(b).

7.   **Proper Venue.** The United States District Court for the Central District of California is the District within which said Superior Court of California for the County of Los Angeles case is pending.

**DIVERSITY JURISDICTION**

8.   This Court has original jurisdiction of this action based upon diversity of citizenship under 28 U.S.C. section 1332. Target may remove the State Court Action to this Court, pursuant to the provisions of 28 U.S.C. section 1441(b), because it is a civil action between citizens of different states and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. Complete diversity of citizenship exists because:

1  9. **Plaintiff's Citizenship.** Allegations on information and belief as to citizenship are sufficient to support removal. *Ehrman v. Cox Communications*, 932 F.3d 1223, 1227 (9th Cir. 2019) ("[A] defendant's allegations of citizenship may be based solely on information and belief."). Target is informed and believes that Plaintiff is at the time of filing this Notice of Removal and was, at the time of filing her Complaint, a citizen of the State of California, within the meaning of 28 U.S.C. Section 1332(a). Declaration of Adam Klarfeld ("Klarfeld Decl.") ¶¶ 5-6.

10. **Defendant Target's Citizenship.** Pursuant to 28 U.S.C. section 1332(c)(1), a corporation shall be deemed to be a citizen of every State by which it has been incorporated and of the State where it has its principal place of business. Target is a citizen of Minnesota and is not a citizen of California, as shown below.

11. Target is incorporated in the state of Minnesota. *See* Target's Request For Judicial Notice in Support of Removal, at Exh. 1; *see also* Klarfeld Decl., ¶¶ 2-3.

12. Principal place of business for purposes of diversity jurisdiction is determined using the "nerve center" test. *See Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1183, 175 L. Ed. 2d 1029, 1032 (2010). Under the "nerve center" test, the principal place of business is "the place where the corporation's high level officers direct, control, and coordinate the corporation's activities." *See Hertz Corp.*, 130 S. Ct. 1181 at 1183. The nerve center "should normally be the place where the corporation maintains its headquarters —provided that the headquarters is the actual center of direction, control, and coordination." *Id.* at 1184. The Supreme Court emphasized in *Hertz* that the "nerve center test" should be one of "administrative simplicity." *Id.*

13. Target's principal place of business is at the time of filing this Notice of Removal, and was as of the date of the filing of the Complaint in the State Court Action, in the State of Minnesota, as established by the following facts:

14. The headquarters, the principal operations center, and the place of Target's high level officers who direct and control the operations, as of the date of the filing of the Complaint and now, are in Minneapolis, Minnesota. Klarfeld Decl., ¶¶ 2-3. Its corporate headquarters is in Minneapolis, Minnesota. *Id.* Target's headquarters is where most of the executives have their offices, where the administrative and financial officers are located, and where most of the day-to-day control of the business is exercised. *Id.* Minnesota is also the state in which Target's corporate income tax return is filed. Klarfeld Decl., ¶ 3. As such, Target is a citizen of the State of Minnesota and not a citizen of the State of California. Therefore, Plaintiff and Target are citizens of different states.

15. **Doe Defendants**. Pursuant to 28 U.S.C. section 1441(a), the residence of fictitious and unknown defendants should be disregarded for purposes of establishing removal jurisdiction under 18 U.S.C. section 1332. *Firstos v. Reynolds Metals Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980) (unnamed defendants are not required to join in a removal petition); *Fat T, Inc. v. Aloha Tower Assocs. Piers 7, 8 & 9*, 172 F.R.D. 411, 415 (D. Haw. 1996) ("[I]n light of Ninth Circuit case-law, this Court finds that Doe defendants do not destroy diversity jurisdiction."). Thus, the existence of Doe Defendants 1-20, inclusive, does not deprive the Court of jurisdiction.

16. **The Amount in Controversy Exceeds $75,000.** Where a plaintiff does not specify a particular amount of damages in the Complaint, a removing defendant must show that the amount in controversy "more likely than not" exceeds the jurisdictional minimum of the court. *See Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996). Therefore, Target needs to show only that there is a "reasonable probability that the stakes exceed," $75,000. *See Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 449 (7th Cir. 2005). A defendant is not obliged to research, state and prove Plaintiff's claims for damages. *Singer v. State Farm Mut. Auto Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997). A defendant can

establish the amount in controversy by the allegations in the Complaint, or by setting forth facts in the notice of removal that demonstrate that the amount placed in controversy by Plaintiff exceeds the jurisdictional minimum. *Id*.

17. The amount in controversy is based on the assumption that plaintiff prevails on all claims. *See Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002); *Jackson v. American Bankers Ins. Co.*, 976 F. Supp. 1450, 1454 (S.D. Ala. 1997) ("[t]he appropriate measure [of the amount in controversy] is the litigation value of the case assuming that the allegations of the complaint are true and assuming a jury returns a verdict for the plaintiff on all claims made in the complaint"). The ultimate inquiry is what amount is put "in controversy" by the plaintiff's complaint, not what the defendant will actually owe. *Rippee v. Boston Market Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005); *see also Scherer v. Equitable Life Assurance Society of the United States*, 347 F.3d 394, 399 (2d Cir. 2003) (recognizing that the ultimate or provable amount of damages is not what is considered when determining the amount in controversy; rather, it is the amount put in controversy by the plaintiff's complaint). "That the amount in controversy is assessed at the time of removal does not mean that the mere futurity of certain classes of damages precludes them from being part of the amount in controversy." *See Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 417 (9th Cir. 2018).

18. **Damages Sought.** Here, without admitting the validity of Plaintiff's causes of action (all of which are expressly denied by Target), the amount in controversy is in excess of $75,000, exclusive of interest and costs. Although Plaintiff does not pray for a specific dollar amount, in her Complaint, she alleges claims for: (1) disability/medical condition discrimination in violation of Gov. Code §12900, *et seq*., (2) failure to accommodate in violation of Gov. Code § 12940(m), (3) retaliation in violation of Gov. Code § 12900, *et seq*., (4) failure to take necessary steps to prevent discrimination in violation of Gov. Code § 12940(k), (5)

failure to engage in the interactive process in violation of Gov. Code §12940(n), and (6) harassment in violation in Gov. Code §12940, *et seq*.  In connection with her claims, Plaintiff alleges compensatory damages, punitive damages, and attorneys' fees.  Specifically, Plaintiff alleges that she has "endured emotional distress, loss of wages, loss of future career, vocational and professional opportunities, loss of pecuniary gain, and loss of the benefits of employment." *See* Complaint, ¶¶ 35, 41, 46, 51, 56, and 63. Further, Plaintiff alleges that she is entitled to attorneys' fees. *See* Complaint ¶¶ 37, 43, 48, 53, 58, 65 and Prayer ¶ 6. Finally, Plaintiff seeks punitive damages.  *See* Complaint, ¶¶ 36, 42, 47, 52, 57, 64 and Prayer ¶ 7.  The amount-in-controversy requirements of 28 U.S.C. section 1332(a) exclude only "interest and costs." *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 700 (9th Cir. 2007).  Thus, statutory, civil, and punitive damages, as well as attorneys' fees, which are sought by Plaintiff may all be included in the calculation.  *See Guglielmino*, 506 F. 3d at 700.  Based on Plaintiff's allegations and prayer, that amount exceeds $75,000.

19. **Lost Earnings and Other Employment Benefits**.  In her Complaint, Plaintiff requests lost earnings.  *See* Complaint, ¶¶ 35, 41, 46, 51, 56, 63 and Prayer, ¶ 2-3.  At the time of Plaintiff's termination from Target, she earned $15 per hour.  Klarfeld Decl., ¶ 4.  Plaintiff's employment with Target was terminated on October 23, 2020. *Id*.  Plaintiff alleges that Target reduced her hours following her return from medical leave in October 2019 and she was only assigned to work weekend shifts.  *See* Complaint, ¶¶ 20-21. Thus, based on Plaintiff's termination date, a reasonable estimate of Plaintiff's alleged lost earnings due to a reduction in hours prior to termination is at least $9,900 ($15 x 12 hours per week x 55 weeks). Further, assuming that the trial takes place one year from the date of this removal (approximately one year and ten months after Plaintiff's termination of employment), a reasonable estimate of Plaintiff's post termination lost earnings is at least $27,600 ($300 weekly x 92 weeks).. In total, Plaintiff's alleged **lost wages in**

**controversy is at least $37,500** ($27,600 x $9,900), in addition to potential future lost wages post trial. *See Chavez*, 888 F.3d at 416 (holding that, for purposes of diversity jurisdiction, "the amount in controversy encompasses all relief a court may grant on that complaint if the plaintiff is victorious" including both past and future lost wages). This amount of potential compensatory damages is solely based on lost wages and does not include lost employment benefits, interest, potential future wages, and the other potential damages Plaintiff seeks, as set forth below, which increases alleged Plaintiff's economic losses.

20.   **Compensation for Emotional Distress and Related Medical Expenses**. Prevailing plaintiffs in discrimination actions seek damages for emotional distress. *See Peralta Community College Dist. v. Fair Employment & Housing Com.*, 52 Cal. 3d 40, 48 (1990). The emotional distress component of Plaintiff's alleged damages must be considered in determining whether the amount in controversy requirement has been established. *See Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005). Here, Plaintiff seeks emotional distress damages, allegedly resulting from discrimination, retaliation, and harassment. *See* Complaint, ¶¶ 35, 41, 46, 51, 56, and 63.

21.   **Comparable Cases**. A defendant may use damage awards in other cases to establish that the amount in controversy exceeds $75,000. *See Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1033-34 (N.D. Cal. 2002). Juries in California have awarded well in excess of $75,000 for emotional distress damages in disability discrimination / wrongful termination cases. For example, in *Steven Wiley, et al. v. Trendwest Resorts, Inc. et al* Contra Costa County Superior Court Case No. MSC05-01991 (October 18, 2010), the court awarded the plaintiff $75,000 for emotional distress damages where the plaintiff alleged that as a result of her disability, she was demoted and then replaced. In *Hernandez v. Regents of the Univ. of California*, Alameda County Superior Court Case No. RG06272564 (September 25, 2009), the court awarded $90,000 for emotional distress damages where, as here,

the plaintiff alleged that the employer failed to accommodate her disability and discriminated against her due to her disability by terminating her employment. Thus, if Plaintiff is able to prove her claims at trial, it is conservative to estimate that Plaintiff will seek, and the jury may award, **at least $75,000 for emotional distress damages**.

22. **<u>Punitive Damages</u>**. Plaintiff also seeks punitive damages. *See* Complaint, ¶¶ 36, 42, 47, 52, 57, 64 and Prayer ¶ 7. Punitive damages are recoverable in discrimination actions. *See Commodore Home Systems, Inc. v. Superior Court,* 32 Cal. 3d 211, 221 (1982). Punitive damages should be considered when determining the amount in controversy. *See Gibson v. Chrysler Corp.*, 261 F.3d 927, 947 (9th Cir. 2001); *Simmons*, 209 F. Supp. 2d at 1033 (recognizing that jury verdicts in other similar cases in California "amply demonstrate the potential for large punitive damage awards in employment discrimination cases."). In *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 425 (2003), the United States Supreme Court held that the longstanding historical practice of setting punitive damages at two, three, or four times the size of compensatory damages, while "not binding," is "instructive," and that "[s]ingle-digit multipliers are more likely to comport with due process." Here, as shown above, Plaintiff is seeking compensatory general damages of at least **$112,500**. Utilizing the ratio of 2:1 that *State Farm* found to be "instructive" (but without conceding its ultimate propriety for use in this case), **the potential punitive damages award in controversy in this action is approximately $225,000** even though Target denies that Plaintiff has properly alleged or can ultimately establish the necessary conditions for obtaining exemplary damages.

23. **<u>Attorneys' Fees</u>**. Plaintiff also seeks to recover attorneys' fees. Complaint, ¶¶ 36, 44, 57, 66, 73 and Prayer, ¶ 6. Requests for attorneys' fees should be taken into account in ascertaining the amount in controversy. *See Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) (claims for attorneys'

fees are to be included in amount in controversy, regardless of whether award is discretionary or mandatory). Recent authority has clarified that this must include all attorney's fees **likely to be incurred through trial of an action**. *See Fritsch v. Swift Transp. Co. of Ariz.*, 899 F.3d 785, 794 (9th Cir. 2018).

Federal courts in California have granted motions for attorneys' fees in disability discrimination cases similar to the instant case for hours ranging from 500 to 1,200. *See e.g., Perona v. Time Warner Cable*, No. EDCV1402501MWFSPX, 2016 WL 8941101, at *33 (C.D. Cal. Dec. 6, 2016) (awarding attorneys' fees in disability discrimination case for 1,205.3 billed hours in the amount of $742,260); *See also Kranson v. Fed. Express Corp.*, No. 11-CV-05826-YGR, 2013 WL 6503308, at *44 (N.D. Cal. Dec. 11, 2013) (awarding attorneys' fees in disability discrimination case for 502 billed hours in the amount of $386,235). Accordingly, an extremely conservative estimate of the **attorneys' fees that are likely to be sought in this case is $200,000**.

24. Based on Plaintiff's allegations and her prayer for relief in which she seeks compensatory and special damages, punitive damages and attorneys' fees, a **reasonable estimate of the amount in controversy is $537,500** (excluding the equitable relief), which far exceeds the $75,000 jurisdictional threshold. *See White v. FCI USA, Inc.*, 319 F.3d 672, 675 (5th Cir. 2003) ("the lengthy list of compensatory and punitive damages sought by [the plaintiff], when combined with attorney's fees" demonstrated that the amount in controversy exceeded $75,000").

25. A copy of this Notice of Removal will be filed with the Superior Court of the State of California for the County of Los Angeles and served upon all adverse parties as required by 28 U.S.C. section 1446(d), and an appropriate notice of compliance with 28 U.S.C. section 1446(d) also shall be served and filed in the above entitled Court.

Dated: July 29, 2021

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By    */s/ Brianna S. Wilson*
SAMANTHA C. GRANT
BRIANNA S. WILSON
Attorneys for Defendant
TARGET CORPORATION

SMRH:4812-3294-6674.3

-11-