Case 2:21-cv-06114-DSF-AS Document 1-2 Filed 07/29/21 Page 1 of 10 Page ID #:44
Electronically FILED by Superior Court of California, County of Los Angeles on 06/17/2021 04:06 PM Sherri R. Carter, Executive Officer/Clerk of Court, by N. Alvarez, Deputy Clerk
21STCV22703
Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: Holly Fujie

Jeffrey Alan Sklar (State Bar No 190416)
LAW OFFICE OF JEFFREY A. SKLAR
11845 W. Olympic Blvd., Suite 905
Los Angeles, California 90064
Telephone (310) 575-1529
Email: jslarlaw@gmail.com

Attorney for Plaintiff,
ELSA BANUELOS

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

# COUNTY OF LOS ANGELES

| | |
|---|---|
| ELSA BANUELOS, an individual,<br><br>Plaintiff<br><br>v.<br><br>TARGET CORPORATION, a Minnesota Corporation, and DOES 1 through 20, inclusive,<br><br>Defendants. | CASE NUMBER: 21STCV22703<br><br>COMPLAINT FOR:<br><br>1. Disability/Medical Condition Discrimination - Violation of Cal. Gov't Code §§ 12900, *et seq.*<br><br>2. Failure to Accommodate - Violation of Cal. Gov't Code §12940(m)<br><br>3. Retaliation - Violation of Cal. Gov't Code §§ 12900, *et seq.*<br><br>4. Failure to Take Steps Necessary to Prevent Discrimination - Violation of Cal. Gov't Code §12940(k)<br><br>5. Failure to Engage in Interactive Process – Violation of Cal. Gov't Code §12940(n)<br><br>6. Harassment - Violation of Cal. Gov't Code §§ 12940, *et seq.* |

Plaintiff, ELSA BANUELOS, alleges :

## COMMON ALLEGATIONS

1. Plaintiff, ELSA BANUELOS, ("Plaintiff" or "BANUELOS" hereinafter) is, and at

1
**COMPLAINT FOR DAMAGES**

1. all times relevant herein was, a resident of Los Angeles, California.

2. Defendant, TARGET CORPORATION, ("TARGET" or "Defendant" hereafter) was and is a Minnesota Corporation, doing business at 3471 W. Century Blvd., Inglewood, CA.

3. At all times relevant to this action, each Defendant and fictitiously named Doe Defendant was the agent, servant, employer, partner, joint venture or surety of the other defendants and was acting within the scope of the agency, partnership, venture or suretyship, with the knowledge, consent, or ratification of the other defendants in doing the things alleged herein.

4. The violations of the *Fair Employment and Housing Act (FEHA)* complained of herein occurred in Los Angeles County, California.

5. The allegations of this complaint pertain to the entire periods of time of the statutes of limitations of the causes of action in which the allegations appear.

6. The allegations in this pleading are made without any admission that, as to any particular allegation, Plaintiff bears the burden of pleading, proof, or persuasion. All rights to plead in the alternative are reserved.

7. Whenever the word "Defendant" is used herein, the singular shall include the plural, and vice versa.

8. Plaintiff is unaware of the true names of Defendants Does 1 through 20. Said defendants are sued by said fictitious names. The pleadings will be amended as necessary to obtain relief against defendants Does 1 through 20 when the true names and capacities are ascertained or when such facts pertaining to their liability are ascertained, or as permitted.

9. Plaintiff commenced employment for Defendants in or around 2017, as a sales associate.

10. At all times relevant herein, Plaintiff performed her job in a satisfactory, if not exemplary, manner.

11. On or about April 15, 2019, Plaintiff suffered workplace injuries while sorting merchandise in TARGET's fitting rooms. Plaintiff was injured while working for TARGET in the normal course and scope of her duties of employment. After suffering from her injuries, Plaintiff immediately informed her supervisor that she was hurt.

1         12. After her injury, Plaintiff was given restrictions on her workplace duty assignments
2  by her health care provider. These restrictions were communicated to TARGET.
3         13. Plaintiff's boss, and TARGET manager, Erica, told Plaintiff to "go home" when
4  Plaintiff communicated the restrictions to Erica.
5         14. Plaintiff was distressed and surprised by being told to go home. Plaintiff complied
6  with her supervisors command that she "go home". Immediately thereafter, Plaintiff complained
7  to Human Resources about Erica's cursory dismissal, about Erica's obvious hostility to the
8  Plaintiff presenting her with her workplace restrictions, and concerning Erica's complete failure to
9  even attempt to find duties for her that comported with Plaintiff's workplace duty restrictions.
10        15. Plaintiff returned to work. However, TARGET continued to assign Plaintiff to
11 work in the fitting rooms, where she was instructed to fold and hang clothing and other items,
12 despite her injuries and the restrictions imposed by her health care provider.
13        16. Approximately two weeks later, Plaintiff again complained to Defendant's Human
14 Resources Department.
15        17. During the month of July 2019, after injuring herself, Plaintiff returned back to
16 work and her arm was in a sling. Alicia, a manager for TARGET, spoke to Plaintiff in a manner
17 that was unprofessional, demeaning, and condescending. The manager held Plaintiff and her
18 injuries in visible contempt, and assigned her a task displaying that animus. Alicia gave her the
19 task of rewrapping merchandise, a task clearly requiring two hands. Alicia continued to humiliate,
20 harass, and fail to accommodate Plaintiff and her injuries. Alicia would do this in such a severe
21 and pervasive manner, over most of the shifts that Plaintiff worked, such that it substantially
22 interfered with Plaintiff's ability to do her job.
23        18. During the month of August 2019, Plaintiff called for assistance from other
24 employees to help her retrieve a box. None of Plaintiff's co-workers replied to her calls. After not
25 receiving any responses, Plaintiff made her way to the back of the store and was instructed to dig
26 through the merchandise herself, despite her injury. Plaintiff asked her co-worker why she didn't
27 respond to her calls. The co-worker explained to Plaintiff that she was told by TARGET not to
28 respond to Plaintiff's requests for assistance in the workplace.

19. During the month of September 2019, Plaintiff requested to take medical leave. Defendant's supervisory and managing agent, Alicia, reprimanded Plaintiff when she requested the time off.

20. Plaintiff returned from her authorized medical leave during the month of October 2019.

21. Upon Plaintiff's return, TARGET had significantly reduced her hours of work. Plaintiff was also assigned to work only weekend shifts.

22. During the month of November 24, 2019, Plaintiff provided TARGET with updated workplace restrictions from her treating physician. Plaintiff's treating physician implemented another restriction, preventing Plaintiff from working for another month, due to her injuries. Despite Plaintiff providing TARGET with the required workplace restrictions from her treating physician, TARGET's supervisory and managing agent, Alicia, denied knowledge of Plaintiff's authorized medical leave.

23. TARGET, and its supervisory and managing agents, harassed Plaintiff, and treated her in a disparate, disrespectful, and demeaning manner. Plaintiff was subjected to a concerted and ongoing pattern of harassment by TARGET. Plaintiff's ability to do her job was adversely affected by TARGET's conduct.

24. Plaintiff complained about the harassment in the workplace. However, TARGET continued to ratify and condone the harassment

25. Plaintiff was constructively discharged during the month of November, 2020. The conditions in which Plaintiff worked were so severe and pervasive that no reasonable person could continue to work there.

26. TARGET failed to take any, let alone the mandated "all", reasonable steps to ensure Plaintiff enjoyed a workplace free from discrimination, harassment, and retaliation for engaging in activities protected by California law and statutes.

27. Between April 2019 and November 2019, Plaintiff complained to TARGET about her injuries and the pain she was suffering in her hands and arms. She repeatedly asked TARGET for assistance, and for an accommodation due to the limitations imposed by her injuries. Each time

1 | Plaintiff requested an accommodation, TARGET refused.

28. During Plaintiff's employment with TARGET, TARGET continuously failed to accommodate her physical injuries, failed to engage in the interactive process with Plaintiff, and failed to take all reasonable steps to prevent discrimination and harassment.

29. At no time did TARGET engage in an interactive process regarding Plaintiff's requests for an accommodation, nor seek to accommodate her medical condition/disability injuries.

30. Plaintiff timely filed a complaint with the California Department of Fair Employment and Housing ("DFEH") against Defendants on December 23, 2019. Plaintiff received a "Right to Sue Letter" from the DFEH. Plaintiff has exhausted all requisite administrative remedies.

31. All allegations contained herein, and as they may be amended in the future complaint for damages, are filed pursuant to Emergency Rule 9, Appendix to the California Rules of Court.

## FIRST CAUSE OF ACTION
### Disability/Medical Condition Discrimination
### Violation of Cal. Gov't Code §§ 12900, *et seq.* (FEHA)

32. Plaintiff realleges the statements and allegations contained in paragraphs 1 through 31 of this Complaint as if fully set forth herein.

33. As set forth more fully above, at all times relevant herein, Plaintiff suffered from a medical condition/disability pursuant to *California Government Code* §§ 12940, *et seq.* Defendants discriminated against Plaintiff on account of her disability/medical condition in violation of *California Government Code* §§ 12940, *et seq.*

34. As set forth more fully above, Plaintiff was constructively discharged as a result of her disability/medical condition.

35. As a direct, legal and proximate result of Defendants' conduct, as alleged above, Plaintiff endured emotional distress, loss of wages, loss of future career, vocational and

professional opportunities, loss of pecuniary gain, and loss of the benefits of employment, all of which entitle Plaintiff to damages, according to proof.

36. Plaintiff is informed and believes and thereupon alleges that Defendants' acts and omissions, and each of them, were done with malice, fraud, or oppression and willful, reckless, and conscious disregard of Plaintiff's rights. Accordingly, Plaintiff is entitled to punitive damages in an amount to be determined at the time of trial.

37. As a further direct, legal, and proximate result of Defendants' conduct, Plaintiff was caused to and did employ the services of counsel to prosecute this action, and is accordingly entitled to an award of attorney's fees according to proof.

## SECOND CAUSE OF ACTION
### Retaliation
### Violation of Cal. Gov't Code §§ 12900, *et seq.* (FEHA)

38. Plaintiff realleges the statements and allegations contained in paragraphs 1 through 37 of this Complaint as if fully set forth herein.

39. Plaintiff was retaliated against for engaging in protected activities under the *FEHA*.

40. As set forth more fully above, after Plaintiff complained of her workplace injuries and took authorized medical leave, Defendants retaliated against her, in violation of *California Government Code* §§ 12940, *et seq.*, and she was constructively discharged.

41. As a direct, legal, and proximate result of Defendants' conduct, as alleged above, Plaintiff endured emotional distress, loss of wages, loss of future career, vocational and professional opportunities, loss of pecuniary gain, and loss of the benefits of employment, all of which entitle Plaintiff to damages, according to proof.

42. Plaintiff is informed and believes and thereupon alleges that Defendants' acts and omissions, and each of them, were done with malice, fraud, or oppression and willful, reckless, and conscious disregard of Plaintiff's rights. Accordingly, Plaintiff is entitled to punitive damages

**COMPLAINT FOR DAMAGES**

in an amount to be determined at the time of trial.

43. As a further direct, legal, and proximate result of Defendants' conduct, Plaintiff was caused to and did employ the services of counsel to prosecute this action, and is accordingly entitled to an award of attorney's fees according to proof.

### THIRD CAUSE OF ACTION
### Failure to Take All Reasonable Steps Necessary to Prevent Discrimination
### Violation of Cal. Gov't Code §§ 12940(k)

44. Plaintiff realleges the statements and allegations contained in paragraphs 1 through 43 of this Complaint as if fully set forth herein.

45. As set forth more fully above, Defendants failed to take all reasonable steps to prevent discrimination and harassment in violation of *California Government Code* §§ 12940(k).

46. As a direct, legal, and proximate result of Defendants' conduct, as alleged above, Plaintiff endured emotional distress, loss of wages, loss of future career, vocational and professional opportunities, loss of pecuniary gain, and loss of the benefits of employment, all of which entitle Plaintiff to damages, according to proof.

47. Plaintiff is informed and believes and thereupon alleges that Defendants' acts and omissions, and each of them, were done with malice, fraud, or oppression and willful, reckless, and conscious disregard of Plaintiff's rights. Accordingly, Plaintiff is entitled to punitive damages in an amount to be determined at the time of trial.

48. As a further direct, legal, and proximate result of Defendants' conduct, Plaintiff was caused to and did employ the services of counsel to prosecute this action, and is accordingly entitled to an award of attorney's fees according to proof.

### FOURTH CAUSE OF ACTION
### Failure to Accommodate
### Violation of Cal. Gov't Code §§ 12940(m)

49. Plaintiff realleges the statements and allegations contained in paragraphs 1 through

48 of this Complaint as if fully set forth herein.

50. As set forth more fully above, Defendants failed to accommodate Plaintiff's requests for an accommodation due to her injuries. Defendants' failure to accommodate Plaintiff on account of her medical condition/disability violated *California Government Code* §§12940(m).

51. As a direct, legal, and proximate result of Defendants' conduct, as alleged above, Plaintiff endured emotional distress, loss of wages, loss of future career, vocational and professional opportunities, loss of pecuniary gain, and loss of the benefits of employment, all of which entitle Plaintiff to damages, according to proof.

52. Plaintiff is informed and believes and thereupon alleges that Defendants' acts and omissions, and each of them, were done with malice, fraud, or oppression and willful, reckless, and conscious disregard of Plaintiff's rights. Accordingly, Plaintiff is entitled to punitive damages in an amount to be determined at the time of trial.

53. As a further direct, legal, and proximate result of Defendants' conduct, Plaintiff was caused to and did employ the services of counsel to prosecute this action, and is accordingly entitled to an award of attorney's fees according to proof.

### FIFTH CAUSE OF ACTION
### Failure to Engage in Interactive Process
### Violation of Cal. Gov't Code §§ 12940(n)

54. Plaintiff realleges the statements and allegations contained in paragraphs 1 through 53 of this Complaint as if fully set forth herein.

55. As set forth more fully above, Defendants failed to engage in a good faith interactive process with Plaintiff regarding her medical condition/disability. Defendant's failure to engage in a good faith interactive process with Plaintiff regarding her medical condition/disability violated *California Government Code* §§ 12940(n).

56. As a direct, legal, and proximate result of Defendants' conduct, as alleged above, Plaintiff endured emotional distress, loss of wages, loss of future career, vocational and

professional opportunities, loss of pecuniary gain, and loss of the benefits of employment, all of which entitle Plaintiff to damages, according to proof.

57. Plaintiff is informed and believes and thereupon alleges that Defendants' acts and omissions, and each of them, were done with malice, fraud, or oppression and willful, reckless, and conscious disregard of Plaintiff's rights. Accordingly, Plaintiff is entitled to punitive damages in an amount to be determined at the time of trial.

58. As a further direct, legal, and proximate result of Defendants' conduct, Plaintiff was caused to and did employ the services of counsel to prosecute this action, and is accordingly entitled to an award of attorney's fees according to proof.

## SIXTH CAUSE OF ACTION
### Workplace Harassment
### Violation of Cal. Gov't Code §§ 12940 *et seq.*

59. Plaintiff realleges the statements and allegations contained in paragraphs 1 through 58 of this Complaint as if fully set forth herein.

60. As set forth more fully above, Defendants harassed Plaintiff in a severe and pervasive manner, in violation of *California Government Code* §§ 12940, et seq.

61. Defendants were aware of the harassment, ratified it, and condoned it.

62. As set forth more fully above, the workplace conditions were so severe and pervasive that no reasonable person could continue their employment. Plaintiff was constructively discharged.

63. As a direct, legal, and proximate result of Defendants' conduct, as alleged above, Plaintiff endured emotional distress, loss of wages, loss of future career, vocational and professional opportunities, loss of pecuniary gain, and loss of the benefits of employment, all of which entitle Plaintiff to damages, according to proof.

64. Plaintiff is informed and believes and thereupon alleges that Defendants' acts and

9
COMPLAINT FOR DAMAGES

omissions, and each of them, were done with malice, fraud, or oppression and willful, reckless, and conscious disregard of Plaintiff's rights. Accordingly, Plaintiff is entitled to punitive damages in an amount to be determined at the time of trial.

65. As a further direct, legal, and proximate result of Defendants' conduct, Plaintiff was caused to and did employ the services of counsel to prosecute this action, and is accordingly entitled to an award of attorney's fees according to proof.

PLAINTIFF DEMANDS A TRIAL BY JURY OF ALL CAUSES OF ACTION ALLEGED HEREIN

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as follows:

1. For general damages according to proof, on each cause of action for which such damages are available;

2. For compensatory damages according to proof, on each cause of action for which such damages are available;

3. For special damages, including punitive damages according to proof, on each cause of action for which such damages are available;

4. For all statutory damages available, according to proof;

5. For prejudgment and post judgment interest on any lost or unpaid wages according to law;

6. For reasonable attorneys' fees and costs available under California law;

7. For punitive and exemplary damages;

8. For equitable relief and restitution to the extent available under law;

9. For such other and further relief as the Court deems proper and just.

Dated: June 15, 2021

*Jeffrey Sklar*
Jeffrey A. Sklar, Attorney for Plaintiff,
ELSA BANUELOS

omissions, and each of them, were done with malice, fraud, or oppression and willful, reckless, and conscious disregard of Plaintiff's rights. Accordingly, Plaintiff is entitled to punitive damages in an amount to be determined at the time of trial.

65. As a further direct, legal, and proximate result of Defendants' conduct, Plaintiff was caused to and did employ the services of counsel to prosecute this action, and is accordingly entitled to an award of attorney's fees according to proof.

PLAINTIFF DEMANDS A TRIAL BY JURY OF ALL CAUSES OF ACTION ALLEGED HEREIN

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as follows:

1. For general damages according to proof, on each cause of action for which such damages are available;

2. For compensatory damages according to proof, on each cause of action for which such damages are available;

3. For special damages, including punitive damages according to proof, on each cause of action for which such damages are available;

4. For all statutory damages available, according to proof;

5. For prejudgment and post judgment interest on any lost or unpaid wages according to law;

6. For reasonable attorneys' fees and costs available under California law;

7. For punitive and exemplary damages;

8. For equitable relief and restitution to the extent available under law;

9. For such other and further relief as the Court deems proper and just.

Dated: June 15, 2021

*Jeffrey Sklar*
Jeffrey A. Sklar, Attorney for Plaintiff,
ELSA BANUELOS